| 90 | 209 |
|----|-----|
| 111 | 165 |
| 90 | 209 |
| 115 | 672 |

SAMUEL CARPENTER v. GEORGE W. MYERS AND THOMAS HYLAND.

*Attorney and client—Assignment of claim to secure fees—Settlement of suit by client—Final judgment—Writ of error.*

1. Where with notice that the plaintiff had assigned his interest in the suit to his attorney to secure the payment to him, for his services in the case, of an agreed percentage of the amount recovered, the defendant settles with the plaintiff, and pays him the amount found to be due him, less the percentage due the attorney, which the defendant retains, and a stipulation is filed, signed by the plaintiff and defendant, setting forth the settlement, and consenting to a discontinuance of the suit, and directing the clerk to enter an order to that effect, which order is not entered, nor the sum so retained tendered to the attorney or paid into court, the suit is not discontinued, and the attorney may recover judgment therein for the sum so retained by the defendant.

2. An order denying a motion by plaintiff for judgment in his favor, on the ground that the suit had been discontinued by stipulation, is in effect a final judgment, and may be reviewed on writ of error.

Error to Wayne. (Reilly, J.) Submitted on briefs. January 20, 1892. Decided February 5, 1892.

*Assumpsit.* Plaintiff brings error. Reversed, and judgment entered for $88, the amount retained by the defendants on a settlement with plaintiff, and which belonged to plaintiff's attorney as payment for his services. The facts are stated in the opinion.

*S. E. Engle,* for appellant.

*Atkinson, Carpenter, Brooke & Haigh,* for defendants, contended:

1. The case was just as effectually discontinued as though the order had been entered. The stipulation was filed, and the attorney who had a right of his own motion to enter such order claimed the same effect as if the order were entered, and the court is therefore bound to give it that effect; citing *Cook v. Perry*, 43 Mich. 623; *Bewick v. Fletcher*, 39 Id. 29.

2. The discontinuance being on file and effectual, the only proper way to attack it was by a motion to strike it from the files; citing *Kittridge v. Railway Co.*, 53 Mich. 354.

3. The question involved in this suit cannot be decided on a writ of error, which is the appropriate writ for the review of a final judgment or determination; citing How. Stat. § 8678. The court merely denied Mr. Engle's motion for judgment. No judgment was entered, and no disposition of his claim made.

GRANT, J. Plaintiff brought suit to recover his own and several other labor claims which had been assigned to him. His attorney, Mr. Engle, made a contract with him, by which he was to receive for his services 20 per cent. of the amount recovered. To secure Mr. Engle, plaintiff assigned to him his interest in the suit. Of this assignment the defendant had notice. Subsequently plaintiff and defendant settled the suit, and signed a stipulation setting forth that the claims had been settled and satisfied, and consenting to a dismissal of the case without costs, and directing the clerk of the court to enter an order to that effect. This stipulation was filed in the case. The defendants retained in their hands sufficient to pay Mr. Engle. They neither tendered the amount nor paid it into court. Mr. Engle claimed the right to proceed to the trial of the cause, notwithstanding the stipulation. The court allowed the case to proceed. Mr. Engle was sworn, and testified to the arrangement, and that, besides the 20 per cent. due him, he had advanced $4 for clerk's fees. Defendant Hyland was

swown, denying that he was ever notified of the assignment of the entire claim to Mr. Engle, but admitting that he had notice of his lien of 20 per cent. At the close of the testimony Mr. Engle moved for judgment, which the court denied, holding that the case was discontinued by the stipulation.

1. While the order of the court was not in the usual form of a judgment against the plaintiff, yet we think it was in effect a final judgment and determination of the plaintiff's claim, and that the case was properly brought into this Court by a writ of error.

2. The amount due from the defendants to the plaintiff was admitted. They settled it, and paid to the plaintiff all but the amount due the attorney. We think this case is ruled by *Weeks v. Wayne Circuit Judges*, 73 Mich. 256, and the authorities there cited. Plaintiff was entitled to judgment for the amount retained by the defendants for plaintiff's attorney. They admit this amount to be $88.

The judgment of the court below is reversed, and judgment entered here for the plaintiff for $88, and interest from June 21, 1890, the date of the stipulation of discontinuance. Plaintiff will recover the costs in this Court. No costs will be allowed in the court below to either party.

The other Justices concurred.