STEENBURGH v. MILLER et al.

(Supreme Court, Appellate Division, Third Department. December 8, 1896.)

1. ATTORNEY AND CLIENT — SUBSTITUTION OF ATTORNEYS — RIGHTS OF ATTORNEYS.

An attorney contracted to foreclose a mortgage of $1,500 for one-half the amount recovered. Pending the suit the mortgagee's interest therein was levied on by a judgment creditor for $480, the creditor becoming the purchaser at the execution sale. On the motion of the creditor another attorney was substituted in the foreclosure suit, which was ordered continued for the benefit of the creditor. *Held* that, as the interest of the original attorney in the suit was greater than that of the creditor, in the absence of misconduct on his part, the order of the substitution was erroneous.

2. SAME—ATTORNEY'S LIEN.

Where an attorney contracts to foreclose a mortgage for one-half the amount recovered thereon, he is entitled to a lien on the cause of action, which attaches to the judgment and proceeds thereof in whosesoever hands they may come.

Appeal from special term, Saratoga county.

Action by George W. Steenburgh against John H. Miller and others to foreclose a mortgage. From an order substituting A. W. Shepherd as attorney for plaintiff in place of James F. Swanick, the attorney of record, the plaintiff appeals. Reversed.

On the 3d day of February, 1896, the plaintiff commenced an action against the defendants for the foreclosure of a mortgage made by one Daniel Steenburgh to the plaintiff, dated May 25, 1875, upon which there was due, for principal and interest, the sum of $1,500. James F. Swanick was the attorney for the plaintiff in said action, and before the commencement thereof entered into an agreement with the plaintiff by which he was to have one-half of the recovery in said action, together with the costs. On the 11th day of November, 1892, the First National Bank of Saratoga Springs recovered a judgment against the plaintiff for the sum of $480.72, upon which judgment execution was issued and returned unsatisfied. After the commencement of this action for the foreclosure of said mortgage, proceedings supplementary to execution were instituted upon the judgment of the First National Bank of Saratoga Springs against the plaintiff. Such proceedings were thereupon had that a receiver of the plaintiff's property was appointed, and thereafter, on the 15th day of August, 1896, as is alleged in the affidavit upon which the order of substitution was procured, the receiver sold the interest of the plaintiff in the bond and mortgage which the plaintiff was foreclosing, and the same was purchased for the First National Bank of Saratoga Springs for the sum of $75. Thereafter the said bank procured an order to show cause, returnable at the special term, "why an order should not be made substituting some other attorney in place of James F. Swanick, as plaintiff's attorney in said action, and why such action should not be continued in the name of George W. Steenburgh for the benefit of said First National Bank of Saratoga Springs." Upon the return of such order to show cause, an order was made substituting A. W. Shepherd as attorney for the plaintiff in this action, in the place of the said James F. Swanick; and it was further ordered "that said James F. Swanick have a lien upon the proceeds of the sale of the lands described in the complaint for his costs, disbursements, and compensation, and that the decree of foreclosure and sale herein provide for such lien." No charge of any misconduct was made against the said James F. Swanick.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

James F. Swanick, for appellant.
A. W. Shepherd, for respondents.

HERRICK, J. The compensation of Swanick for his services in foreclosing said mortgage is regulated by the agreement between them, and for the amount of it he had a lien upon the cause of action, which would attach to the judgment and the proceeds thereof in whosesoever hands they should come. Code Civ. Proc. § 66. Swanick's interest, then, in the action was greater than that of the First National Bank of Saratoga Springs, and no arrangement between the parties could diminish that interest or in any way dispose of it. In the absence of any charge of misconduct, he was as much entitled to have charge of the prosecution of the action for his benefit as was the First National Bank of Saratoga Springs.

It will be observed that the action is continued in the name of the same parties, and that the First National Bank of Saratoga Springs asked to have it so continued and prosecuted for its benefit. It has not been an uncommon thing for courts to permit attorneys to continue the prosecution of suits for the benefit of such

attorneys where the suits have been settled out of court, regardless of the lien of the attorneys for their costs and compensation; and it seems to me proper in this case to permit the attorney who commenced the proceedings, and who now has a greater financial interest in the proceedings than any other person or party, to continue them to judgment, unless by some misconduct or delay upon his part he prejudiced the rights or interests of other persons interested in the final recovery.

The order should be reversed, with $10 costs and disbursements of this appeal, and the motion denied, with $10 costs. All concur.