# MEMORANDUM DECISIONS.

ACKEN v. DEVENEY. (Supreme Court, Appellate Division, First Department. October 21, 1898.) Action by Samuel I. Acken against Ellen Deveney. No opinion. Motion granted, with $10 costs.

ALTIERI v. SAKARIASEN. (Supreme Court, Appellate Division, First Department. October 14, 1898.) Action by Pasquale Altieri against Didrik Sakariasen. No opinion. Motion granted.

APPLEBY, Respondent, v. SEWARDS et al., Appellants. (Supreme Court, Appellate Division, First Department. October 14, 1898.) Action by Lorimer C. Appleby, as trustee, against Sophia Sewards and another. A. Furber, for appellants. L. A. Willes, for respondent. No opinion. Judgment affirmed, with costs.

ASTRAND, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant (two cases). (Supreme Court, Appellate Division, Second Department. October 18, 1898.) Actions by Garda Astrand and Axel Astrand against the Brooklyn Heights Railroad Company. No opinion. Orders affirmed, with $10 costs in one case and disbursements in both, on authority of Coster v. Ferry Co., 5 Civ. Proc. R. 146, affirmed in 98 N. Y. 660. See 53 N. Y. Supp. 294.

ATKINS, Appellant, v. JUDSON et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. October 7, 1898.) Action by Littleberry C. Atkins against Edward B. Judson, Jr., and others. No opinion. Motion for reargument denied, with $10 costs. Motion for leave to appeal to the court of appeals denied. See 53 N. Y. Supp. 504.

BALZ, Respondent, v. UNDERHILL et al., Appellants. (Supreme Court, Appellate Division, First Department. November 18, 1898.) Action by Mary J. Balz, as executrix, etc., against Edward C. Underhill and another. J. A. Koones, for appellants. A. Kiendl, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

BARBER et al., Respondents, v. MANHATTAN RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. October 14, 1898.) Action by Ann Barber and others against the Manhattan Railway Company. J. O. Nichols, for appellant. C. N. Bovee, for respondents. No opinion. Judgment affirmed, with costs.

BARKLEY, Respondent, v. EVERS, Appellant. (Supreme Court, Appellate Division, Third Department. November 22, 1898.) Action by John W. D. Barkley against Bernard Evers. No opinion. Judgment modified, by deducting therefrom the sum of $4.50, being the costs in the justices' court, and, as so modified, affirmed, with costs.

In re BAXTER. (Supreme Court, Appellate Division, Third Department. November 16, 1898.) In the matter of the application of Henry T. Baxter. No opinion. Order affirmed, with $10 costs and disbursements.

BECK et al., Appellant, v. BOHM, Respondent. (Supreme Court, Appellate Division, First Department. October 14, 1898.) Action by Louis Beck and another against Rudolph Bohm. C. K. Beckman, for appellant. E. Kaufman, for respondent. No opinion. Judgment affirmed, with costs.

BECK, Respondent, v. FITZGERALD, Appellant. (Supreme Court, Appellate Division, First Department. October 21, 1898.) Action by Pauline Beck against Elizabeth Fitzgerald, as executrix. E. Browne, for appellant. W. McCloskey, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

BELL, Respondent, v. MOEN'S ASPHALTIC CEMENT CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 4, 1898.) Action by Sidney Bell against Moen's Asphaltic Cement Company. No opinion. Why is leave to appeal to the court of appeals necessary? See 52 N. Y. Supp. 1084.

BELL v. MOEN'S ASPHALTIC CEMENT CO. (Supreme Court, Appellate Division, Second Department. October 18, 1898.) Action by Sidney Bell against the Moen's Asphaltic Cement Company.
PER CURIAM. Application denied. We are without power to grant leave, and leave is unnecessary if the plaintiff gives the stipulation prescribed by the constitution and subdivision 2 of section 190 of the Code of Civil Procedure. As for the suggestion that the court of appeals cannot review the unanimous determination of this court, that there is evidence to sustain a finding of fact or verdict, it is sufficient to say—First, that this court has not found that the evidence sustains the verdict, but exactly the contrary, and therefore it does not fall within the provision of the Code; second, if it did, this court would have no power to dispense with the constitutional provision limiting the power of the court of appeals on review. See 52 N. Y. Supp. 1084.

BENDIT, Respondent, v. THIRD AVE. R. CO., Appellant. (City Court of New York, General Term. November 18, 1898.) Action by