Shotwell, J.
Pleard-on demurrer to petition.
This is a suit brought to recover one half of the costs and expenses of prosecuting an action against the Dennison Water *458 Supply Company to recover damages for fires by which the property of the plaintiff and the defendants was consumed. According to the allegations of the petition the fire occurred in the dwelling-house belonging to the defendants and was communicated from it to the dwelling’of the plaintiff; both houses were destroyed and it was insisted that the destruction of the houses was owing to the want of repair of the fire plugs of this water supply company. The petition alleges that the plaintiff and the defendants agreed that the plaintiff should bring a suit and prosecute the suit to final judgment, and if the decision should be against the plaintiff, the defendants in consideration of that fact would pay to the plaintiff one half the costs and expenses incurred in this suit. The plaintiff alleges that she brought this suit and carried it to the Supreme Court of the state, where there was a final decision against her, and that she thereby incurred an obligation for costs and expenses of $81.55. She says that the defendants have failed to pay any part of this and she asks a judgment against them for the one half of it.
To this petition there is a demurrer filed and it is insisted, in support of that demurrer, that the contract that is alleged is against-public policy and void and, therefore, can not be enforced. It is insisted that an obligation on the part of anyone to pay the costs of another in a lawsuit is against public policy.
There is a case, Emslie v. Glass Co., 1 C. C.—N. S., 603, that holds that where an attorney undertakes to pay a part of the expenses and in that way acquires a pecuniary interest in the suit, or an agreement is entered into with the client that no compromise or settlement shall be made without the attorney’s consent, the contract is champertous and void. In the opinion Judge Hull uses this language, page 604:
“Where a lawyer or attorney agrees, for a portion of the amount involved, to carry on a lawsuit and that he will pay the expenses of the suit, or a part of the expenses of the suit, all such contracts are held void as contrary to public policy, encouraging litigation and having a tendency to the harrassing of the parties. A contract that a lawyer is to pay the costs, or a part of the costs in a case in which he has no personal interest except his fees, is void. ’ ’
*459 It seems to me that is an authority upon the question we have here. These parties defendant had no interest in this suit, and yet they undertook to pay half the expenses of it, and they were in that way supporting the contention of another person; encouraging litigation, having a tendency, as this decision says, to harrass the defendant in that action and divide the expenses so that it would not fall heavy upon the party, and such a contract as that is held to be of no binding effect.
There is another case, Stocker v. Henne, 8 N. P., 514. In this ease the cleric of court encouraged a guardian to commence a suit, and he agreed, if the guardian was unsuccessful and the costs were taxed against him, that no claim would be made against the guardian for any of the costs. The suit was brought and prosecuted and failed and there was a judgment against this guardian for costs. In the meantime, relying upon the agreement, he had distributed all his ward’s money and had nothing in his hands to pay them with when the suit was finally determined. The clerk having an execution issued against him and afterwards bringing suit to recover these costs, the question occurred whether they could be recovered or not in an agreement of that kind. The. court held they could not; that such a contract as that was void. In the opinion Judge Fisher says, page 737:
“By this contract the clerk becomes more than a ministerial officer. He puts himself in-a position where it becomes his interest to procure a judgment which will protect him from loss. Such contracts are inimical to the public peace and welfare. The tendency of such a contract is to improperly interfere with the fair and impartial administration of justice, and however fair and honest a man’s intentions may be, there is a direct temptation to do that which is not,within the scope of his official character in order to insure him against loss, and a direct danger that the contract will operate unjustly against those who must defend the suit.”
There is another question, it seems to me, in this ease. While an agreement to pay the costs is illegal and is not binding and can not be enforced, this petition goes farther and it substantially avers that the plaintiff, in bringing that suit, agreed there should be no settlement of it. It says that she was to bring *460 suit and prosecute it to final decision, and then it says she did bring the suit and carried the same to the Supreme Court of the state, where there was a final decision. In other words, she not only says there was'to be a final decision, but she construes the contract herself by saying what it meant, and that was, that the suit was to be brought and it was not to be settled until it was determined by the Supreme Court of the state. There are a great many authorities in Ohio that hold that an agreement inade which will prevent the settlement of a ease during the time it is in progress is against public policy and can not be enforced. There is a very late case, Brown v. Ginn, 66 Ohio St., 316:
“A contract assigning several accounts for the purpose of collection which gives the assignee (an attorney) a contingent fee depending on success, to be deducted from the proceeds of a suit to collect the accounts, which suit is to be prosecuted by him in his own name and at his own risk and cost, and which also deprives the assignors of any right .to control or compromise the suit, is against public policy as champertous, and is invalid. ’ ’
There is another case, Myers v. Jenkins, 63 Ohio St., 101, 102:
“A contract in advance to renounce and waive one’s right to appeal to the courts for the redress of wrongs, is void, and of no effect.”
There is a case, Key v. Valtier, 1 Ohio, 132:
“An attorney’s contract to prosecute action for recovery of his client’s lands, the client to be saved harmless from all expenses and to have no power to compromise apart from the attorney, is void.”
In Lewis v. Lewis, 15 Ohio, 715:
“A contract with an attorney to prosecute a suit containing a stipulation that the party should not have the privilege to settle or discontinue it without the assent of the attorney, would be so much against good policy that the court would not enforce it. Much -less will a court raise an implied contract in order to encourage and foster litigation. ’ ’
There are other authorities in other states upon this question: North Chicago St. Ry. v. Ackley, 49 N. E. Rep., 222:
17. B. Stevens, for plaintiff.
J. A. Buchanan and A. 17. Elson, for defendant.
“A contract with an attorney, by which the control of the party in interest over litigation carried on in his name is attempted to be given over to the attorney, so that the interested party can not settle the case without the co-operation of the attorney, is void.”
Potter v. Ajax Min. Co., 57 Pac. Rep., 270, 273:
“Where a contract between attorney and client that no compromise shall be made unless the attorney join in it, the contract was void as against public policy.”
Stewart v. Welch, 41 Ohio St., 483, 484:
“Although said contract is in form an assignment of the claim, and suit is brought in the assignee’s name, if it was made for the purpose of carrying on litigation without expense to, and free from, the control of the assignor, who received and is to receive nothing except a share of the recovery, the transaction is ehampertous, and the action should be dismissed, if the defendant so asks, as soon as the court ascertains its nature.”
So in all of these cases the principle is well recognized that it is linlawful to agree to pay part of the costs of a lawsuit in which the party agreeing has no interest, and that it is especially true where there is a stipulation in the contract that the case can not be settled during its progress. This plaintiff alleges that the contract between these parties was, that the plaintiff should bring the suit and prosecute the same to final decision, and then she says she fulfilled that contract by bringing the suit and by carrying it to the Supreme Court of the state, where there was a final decision. In other words, she contracted that this suit was not to be settled during its progress but they would get a final authority and decision upon this question and that there should be no settlement of it until that was had, and that being had, then if it was unsuccessful they would each pay half the costs. I think under these authorities an agreement of that-kind would not be binding and could not be enforced, and that, therefore, the demurrer to this petition should be sustained.