# CHARLESTON.

BURKHART v. SCOTT *et al.*

Submitted March 2, 1910.    Decided November 7, 1911.

1. INJUNCTION—*Nature of Remedy—Existence of Remedy at Law.*
   Equity will not entertain a bill brought to enjoin the use of a writing evidencing a settlement between parties to a pending action at law, and offered as evidence to procure a dismissal of the action, notwithstanding such writing was procured by fraudulent and deceitful means. The law court has full power to prevent injustice in such case. (p. 696).

2. ATTORNEY AND CLIENT—*Compensation of Attorney—Protection Against Collusive Settlement.*
   An attorney who has brought a suit, pursuant to an agreement that he is to have a certain per centum of the judgment that shall be recovered, as his fee for services, has an inchoate right in the chose in action and may avoid a collusive settlement made between the defendant and his client for the purpose of defeating his fee. (p. 696).

3. SAME—*Compensation of Attorney—Protection Against Collusive Settlement—Nature of Remedy.*
   An attorney's remedy in such case is not in equity by injunction, but he can apply to the court in which the action is pending, and ask to have the case proceed to final judgment in the name of his client, for his own benefit. (p. 697).

Appeal from Circuit Court, Randolph County.

Action by Harrison Burkhart against C. H. Scott and others. From a judgment for plaintiff, defendant Scott appeals. Decree reversed and original bill and cross-bill dismissed, without prejudice to rights of parties to pursue remedies at law.

*Reversed and Bill Dismissed.*

*W. B. Maxwell,* for appellant.

*James Coberley,* for appellee Wamsley.

WILLIAMS, PRESIDENT:

Harrison Burkhart, a resident of Pennsylvania, employed J. L. Wamsley to bring an action of *assumpsit* against C. H. Scott in the circuit court of Randolph county, West Virginia, and agreed to give him one-half of the amount recovered as an attorney fee. Wamsley brought the suit, and on the 28th of January, 1904, the jury rendered a verdict against Scott for $315.00. Scott thereupon moved to set aside the verdict, and for a new trial. That motion is apparently still pending. Scott then went to Pennsylvania, and on the 13th of January, 1905, effected a compromise of the suit with Burkhart, and took from him a writing whereby Burkhart agreed that the action should be dismissed at his cost. Shortly thereafter Burkhart brought a suit in equity against Scott to enjoin him from making use of said writing for the purpose of procuring a dismissal of the action at law, alleging in his bill that the compromise agreement had been procured by means of false and fraudulent representations, made to him by Scott. Wamsley was made a party defendant, and his contract for a contingent fee was averred in the bill. Upon the filing of the bill, in April 1905, in term, a temporary injunction was granted, restraining Scott from making use of the writing for said purpose. On the 12th of September, 1905, Scott appeared, demurred and tendered his answer, to the bill denying the fraud, and moved a dissolution of the injunction. At the same time Wamsley also tendered his answer, in the nature of a cross bill, in which he avers that Scott and Burkhart had fraudulently combined and conspired together to defeat his attorney fee to which he was entitled under his contract with Burkhart, and of which agreement for a contingent fee he alleges Scott had knowledge. Ed D. Wamsley, who was

Burkhart's · bondsman for costs in the *assumpsit* action, and Charles Sheriff and Charles F. Sheriff, to whom it is alleged Burkhart had assigned his interest in the claim against Scott, were also made defendants to said cross-bill answer. The prayer is that his answer be treated as a cross-bill; that the injunction be perpetuated; that judgment in the action at law be entered upon the verdict; that the rights of all parties be ascertained; and that Scott be required to pay the full amount of the verdict. Scott also tendered written exceptions to the cross-bill, and Wamsley excepted to Scott's answer to the original bill. On the hearing the court overruled Scott's demurrer to the original bill, and his exceptions to Wamsley's cross bill, and overruled Wamsley's exceptions to Scott's answer, and held the compromise agreement between Scott and Burkhart to be fraudulent and void as to all parties to the suit, and perpetuated the injunction. From that decree Scott has appealed.

The original bill states no cause for injunction. The law court can determine whether, or not, the compromise was fraudulently made to defeat Wamsley's fee, and if it should find that it was in fact fraudulent, it has the power to reject the paper as evidence. *Harvey* v. *Fox,* 5 Leigh 444; *Haden* v. *Garden,* 7 Leigh 157; *Evans* v. *Taylor,* 28 W. Va. 184; *Gall* v. *Bank,* 50 W. Va. 597; *Hogg's* Eq. Prin., sec. 45.

Injunction is one of the extraordinary remedies, and equity will not relieve by injunction when there is a plain and adequate remedy at law. In fact, it is essential to confer jurisdiction by injunction, that it must appear that no adequate relief exists in law on the facts averred, and a bill which fails to show the want of such legal remedy, is fatally bad. *Shepherd* v. *Groff,* 34 W. Va. 123; *Shay* v. *Nolan,* 46 W. Va. 299.

Wamsley's cross bill alleges facts, not averred in the original bill, but facts which relate to the same subject matter, and prays affirmative relief thereon. Consequently a demurrer thereto is proper pleading. Scott's written exceptions are, in legal effect, a demurrer. And, so regarding them, they should have been sustained, and the cross-bill dismissed, for the same reasons which we have given for holding that the original bill stated no cause for equitable relief, The law court has the power to determine the truth of the facts averred in the cross-bill, and if it finds them true, Wamsley should be permitted to proceed with

the trial of the case to judgment, in the name of his client for his own benefit. While it is generally true, that courts not only favor, but encourage, the settlement of doubtful claims out of court, and while it is also true, as a general proposition, that clients have absolute control over their suits, and may dismiss them without the consent of their attorneys, still these general rules are subject to some exceptions which the courts have established in the interest of justice and for the protection of rights of attorneys. An attorney is a licensed and sworn officer of the court, and has a right to make reasonable contracts with his client for his fees for legal advice and services rendered and to be rendered, and the law will not uphold a collusive and fraudulent settlement between parties, made for the purpose of defeating the rights of the attorney. Wamsley's agreement for a contingent fee payable out of the judgment in the event one is recovered may not amount to an assignment of an interest in the chose itself, still the effect of it is to give him such an inchoate right therein, after the suit is brought, as cannot be defeated by a collusive settlement between the parties. 3 A. & E. E. L. (2nd ed.) 466.

The cross-bill avers that the settlement was collusive and fraudulent, and was made to defeat the collection of his fee, and also avers that Scott knew his contract for a fee was contingent upon the recovery of a judgment. If those averments are true, Wamsley is entitled to protection. But his remedy at law is adequate and full. The law court can determine the truth or falsity of the facts alleged, and if it finds them true, it can direct the trial to proceed, for Wamsley's benefit in the name of his client, to final judgment. The demurrer to the cross-bill should, therefore, have been sustained, and the cross-bill dismissed.

In discussing the right of an attorney to avoid a collusive settlement between parties, after suit has been brought, made for the purpose of defeating his fees, the court of appeals of New York, in its opinion in *Coughlin* v. *Railroad Co.,* 71 N. Y. at page 447. says: "There are many cases where this has been allowed to be done. It is impossible to ascertain precisely when this practice commenced, nor how it originated, nor upon what principle it was based. It was not upon the principle of

a lien, because an attorney has no lien upon the cause of action, before judgment for his costs; nor was it upon the principle that his services had produced the money paid his client upon the settlement, because that could not be known, and in fact no money may have been paid upon the settlement. So far as I can perceive, it was based upon no principle. It was a mere arbitrary exercise of power by the court; not arbitrary in the sense that it was unjust or improper, but in the sense that it was not based upon any right or principle recognized in other cases. The parties being in court, and a suit commenced and pending, for the purpose of protecting attorneys who were their officers and subject to their control, the courts invented this practice and assumed this extraordinary power to defeat attempts to cheat the attorneys out of their costs. The attorneys' fees were fixed and definite sums, easily determined by taxation, and this power was exercised to secure them their fees."

In *Hanna* v. *Island Coal Co.*, (5 Ind. App. 163), reported in 51 Am. St. Rep. 246, Mr. Freeman has added a number of valuable notes on the question of the rights, and the remedy, which the law affords to an attorney who has been prevented from fulfilling his agreement with his client, by a collusive settlement between the parties, made for the purpose of defeating his fee, and in one of these notes that distinguished writer says, that the proper course for the attorney to pursue is to proceed with the cause to judgment, in the name of his client, for the purpose of collecting his costs. In support of this proposition he cites numerous authorities.

In *Randall* v. *Van Wagner*, 115 N. Y. 527, 12 Am. St. Rep. 828, it was held that the attorney for plaintiff cannot maintain an independent action against the defendant in such suit, on the ground that a collusive settlement was made before judgment which defeated him of the fruits of his agreement with his client for a fee which was contingent upon recovery of a judgment. But it was there held that the attorney could proceed to judgment in the original suit in the name of his client. See also, on this subject, the following authorities: 4 Cyc. 1022; *Nat. Exhibition Co.* v. *Crane*, 167 N. Y. 505; *Matter of Regan, Id.* 338; *Jones* v. *Bonner*, 2 W., H. & G., Exch. Rep. 229; *Talcott* v. *Bronson*, 4 Paige 501; *Cole* v. *Bennett*, 6 Price's Exch.

Rep. 15; *Morse & Holder* v. *Cooke,* 13 Price's Exch. Rep. 473; *Potter* v. *Mining Co.,* 19 Utah 421; *McDonald* v. *Napier,* 14 Ga. 89; *Carpenter* v. *Myers,* 90 Mich. 209; 1 Jones on Liens, secs. 224-225; Weeks on Attorneys, sec. 377.

For the reasons herein given, the decree of the lower court will be reversed, and both the original bill and the cross bill will be dismissed, but without prejudice to the rights of the parties to pursue any appropriate remedy, or remedies, at law.

*Reversed and Bill Dismissed.*