## BROADBENT v. DENVER & R. G. RY. CO.

No. 2840.    Decided October 5, 1916.    Rehearing denied November 23, 1916 (160 Pac. 1185).

1. APPEAL AND ERROR—RIGHT OF REVIEW—PERSONS ENTITLED—IN-TEREST IN SUBJECT-MATTER.  Where claims against a railroad, which plaintiff claimed were assigned to him to sue, were assigned to another who sued the railroad, which settled with the subsequent assignee, taking an indemnity bond holding it harmless against plaintiff's demands, and thereafter plaintiff sued the railroad and recovered on the claims no more than the settlement, plaintiff was not entitled to have defendant's appeal dismissed on the ground that any further litigation of the claims by defendant involved merely a question of whether plaintiff or the subsequent assignee was the rightful owner, and hence defendant was no longer the real party in interest.  (Page 601.)

2. ATTORNEY AND CLIENT—ATTORNEY'S LIEN.  Under Comp. Laws 1907, section 135, giving an attorney's lien "from the com-mencement of an action or the service of an answer containing a counterclaim," which lien "cannot be affected by any settle-ment between the parties before or after judgment," an attor-ney has a lien on a cause of action only "from the commence-ment of an action," etc., as stated in the statute.  (Page 602.)

3. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTIONS.  An in-struction that an attorney's lien, relied on by plaintiff, attached upon employment rather than upon bringing an action by the

attorney claiming the lien as specified in Comp. Laws 1907, section 135, was not prejudicial to defendant, where the settlement of the cause of action by defendant, with notice of and in disregard of such lien, took place after action had been commenced by the attorney. (Page 603.)

4. APPEAL AND ERROR—CONTENTS OF RECORD—DENIAL OF CHANGE OF VENUE. Under Comp. Laws 1907, section 3283, as to what is deemed excepted to without a bill of exceptions, and Laws 1911, c. 94, as to how the judgment roll is made up, denial of motion for change of venue will not be considered on appeal unless made to appear by bill of exceptions; such ruling not being of the judgment roll without a bill. (Page 603.)

5. ATTORNEY AND CLIENT—APPEARING FOR ADVERSE PARTIES. Where claims against a railroad, which plaintiff claimed were assigned to him to sue, were assigned to another who sued the railroad, which, with knowledge of plaintiff's claim, settled with the subsequent assignee, taking an indemnity bond holding it harmless against plaintiff's demands, the attorney for the subsequent assignee had a right to appear for the railroad in the action against it by plaintiff, the trial chiefly involving the issue of whether plaintiff or such assignee had the better title, since thereby the attorney did not appear on both sides of an adverse proceeding or take antagonistic positions. (Page 604.)

6. EVIDENCE—ADMISSIONS—ACQUIESCENCE—STATEMENTS IN PRESENCE OF PARTY. Where plaintiff's rights rested on parol, testimony of things said and done in his presence respecting the assignment to him of the claims sued on was properly received, either as direct evidence of the fact or as direct or indirect admissions of a fact. (Page 604.)

7. TRIAL—INSTRUCTIONS—REQUEST—REPETITION. Striking from a requested instruction matter which is but repetition or restatement of other matter therein is not error. (Page 605.)

Appeal from District Court, Fourth District; *Hon. A. B. Morgan,* Judge.

Action by Sylvester Broadbent against the Denver & Rio Grande Railway Company.

From a judgment, both parties appeal.

AFFIRMED on both appeals.

*W. D. Riter, C. L. Olsen* and *Thos. Marioneaux,* for appellant.

*E. A. Walton* and *A. C. Hatch,* for respondent.

STRAUP, C. J.

The plaintiff and twelve or more other sheep owners at or near Heber City claimed damages against the defendant by reason of its alleged failure or neglect to provide cars for the transportation of sheep to Eastern markets. He alleged that ten of them had assigned their claims to him. These he set forth in his complaint in separate counts. He dismissed as to six. We are therefore concerned only with four. A verdict was rendered in plaintiff's favor on two and in favor of the defendant on two. The defendant appeals, and the plaintiff cross-appeals.

The loss occurred in the fall of 1910. The two claims on which the plaintiff recovered were assigned to him in writing in February, 1911. He contends the other two were assigned to him orally and by the assignors turning over papers to him respecting the claims and directing him to prosecute them to judgment. As contended by the plaintiff, he, in pursuance of the assignments, and with the knowledge and consent of the assignors, employed counsel to prosecute the claims, agreeing to pay him for his services ten per cent. of the claims at all events and forty per cent. of the amount recovered, and incurred thirty or forty dollars expenses in looking up evidence and otherwise spending time in looking after the claims. In December, 1912, the four assignors of the plaintiff, together with other claimants, assigned their claims to another who employed other counsel on a contingent fee of fifty per cent. of the amount recovered by settlement or judgment, and who, on the claims so assigned, commenced an action against the defendant in June, 1913. The plaintiff, through his counsel, also commenced an action in September, 1913, on the claims assigned to him. In November, 1914, the defendant, with knowledge and notice of the alleged prior assignments to the plaintiff and of the pendency of his action thereon, settled with the subsequent or second assignee, in-

cluding the claims assigned to the plaintiff, and took from him a release and discharge, and also an indemnity bond holding the defendant harmless against demands of the plaintiff. The plaintiff thereafter brought his case on for trial as though no settlement had been made.

The defendant, among other things, pleaded the release and settlement in satisfaction and bar. The plaintiff replied that the subsequent assignments were made with knowledge of the prior assignments, and that the settlement was made by the defendant with knowledge and notice thereof and of plaintiff's alleged ownership of the four claims and of the pendency of his action, and that such settlement was subject thereto and to an attorney's lien for services rendered in the action brought by plaintiff.

The attorney representing the second assignee appeared at the trial of plaintiff's case and, against his objection, represented the defendant.

Since the plaintiff, on the two claims upon which he prevailed, recovered no more than the settlement (and as to one less than the settlement), the plaintiff contends that any future prosecution of them by the defendant involves merely a question of whether the plaintiff or the second assignee is the rightful holder of the claims, and hence the defendant no longer is the real party in interest. Upon that ground a motion is made by the plaintiff to dismiss the defendant's appeal. For reasons presently to be stated, and in connection with views to be expressed upon another question, we think the motion should be overruled.

Evidence was given by the plaintiff to support his contentions that two of the claims were assigned to him in writing and two orally and by the assignors' turning papers over to him and directing him to prosecute them to judgment, and that he, with the knowledge and consent of the assignors, employed counsel at an agreed price of ten per cent. of the claims at all events and 40 per cent. contingent on the amount of recovery. The defendant gave evidence to show that the assignments were made on condition that the terms of employment of the attorney should be satisfactory to the assignors, and that the terms made by plaintiff were not satisfactory and

not agreed to, and that after the alleged assignments to the plaintiff, and before the assignments to the second assignee, the plaintiff and his attorney released the assignors from all obligations and consented to the second assignments. That was denied by the plaintiff and his attorney; the attorney testifying that his transactions were had and his employment entered into entirely with the plaintiff as the assignee of the claimants, and that he looked alone to him for directions and instructions in the premises.

With respect to these contentions the court charged that, unless absolute and complete assignments were made to the plaintiff, he could not recover anything, nor, though assignments were made, if the assignors thereafter were released, nor if the assignments were made on condition that the terms of employment of plaintiff's counsel were to be satisfactory to the assignors and that they had not agreed nor assented to them. The court also charged that, if the assignors authorized the plaintiff to employ counsel to prosecute the claims assigned to plaintiff, and that counsel was employed, "then you are instructed that, as to any cause of action, said A. C. Hatch (plaintiff's counsel) would have a lien thereon for the amount of his agreed compensation," and that in such event the plaintiff's assignors had not the right to reassign the causes of action so as to release the attorney's lien, and that the assignors thereafter could not settle with the defendant so as to release it from a liability to pay the agreed compensation of the attorney unless he himself released it or assented to the subsequent assignments. Complaint is made of what the court said on the question of an attorney's lien.

It is urged that it is not in accordance with the statute (Comp. Laws 1907, Section 135) which gives an attorney's lien "from the commencement of an action," or the service of an answer containing a counterclaim, and **2** which "cannot be affected by any settlement between the parties before or after judgment." We think the contention well founded. As the court put it, if the attorney, with authority, was employed in the case to prosecute the action, that gave him a lien for his agreed compensation. But the statute declaring when an attorney has a lien, and, when

it attaches, declares it to be "from the commencement of the action." So in such particular the jury were misdirected.

But wherein did that harm the defendant? Had the settlement been made before the plaintiff commenced his action, or were the evidence as to that in conflict, then, of course, such a charge would be injurious. Here, however, it is undisputably shown that the settlement was made after the plaintiff had commenced his action, and with knowledge and notice of the prior claimed assignments to the plaintiff and of the pendency of his action and of his attorney's appearance in the cause. All that is stipulated. Thus, if the plaintiff rightfully had a cause when he commenced it, then, indisputably, his attorney, if employed with authority upon an agreed compensation, had a lien on the cause of action which could not be affected by settlement, either before or after judgment, without the attorney's consent or release. Since, therefore, the court bound the jury before finding anything for the plaintiff to find that absolute and complete assignments had been made to him, and that they had not been released, and that neither he nor his counsel had consented to the subsequent assignments, and that plaintiff's attorney was employed with authority and consent of the assignors, and since, without dispute, and upon the stipulation of the parties, the settlement was made after the plaintiff had commenced his action and with knowledge and notice of his claimed assignments, and the pendency of his action and his attorney's appearance in the case, the charge that the plaintiff's attorney in effect had a lien before the commencement of plaintiff's action could not and did not do any harm.

Something is said on questions of laches and estoppels on behalf of the plaintiff and his attorney because of their delay until September, 1913, before commencing an action. Such matters are not pleaded nor did the defendant ask to go to the jury on them. We thus as to that have only argument, but neither issues nor findings.

So, too, is it argued that the court erred in denying the defendant's motion for a change of venue. There is not anything made to appear by the bill of exceptions, the only proper record to show such matters, that such a

motion or ruling was made, or that any proceedings were had respecting such a question. The defendant contends that they are of the judgment roll without a bill. Under the statute (Comp. Laws 1907, Section 3283; Laws 1911, p. 136) it is clear that they are not.

Now, as to plaintiff's cross-appeal involving the two claims upon which the defendant prevailed: Plaintiff says the attorney for the subsequent assignee had no right to appear for the defendant in plaintiff's cause for the reason that the law does not tolerate the same counsel to appear on both sides of an adverse proceeding and where he is required to take antagonistic positions. The principle invoked may be conceded. But the defendant here joined the issue as to liability and plaintiff's right to sue on the claims, and also tendered the issue of settlement and payment. The defendant itself on none took inconsistent positions, and, as to all, was adverse and antagonistic to the plaintiff. Whatever legal effect the settlement had as to the issue of liability and the amount of recovery is another thing. The assignees had a common interest in establishing a liability against the defendant. In all other respects they were hostile to each other. The trial chiefly involved the question of whether the plaintiff, or the subsequent assignee, had the better title. As to that the assignees were hostile to each other, and the interest of the subsequent assignee and the defendant in common. The subsequent assignee, having given the defendant an indemnity bond holding it harmless against plaintiff's demands, had a pecuniary interest in the defendant maintaining the settlement and in defeating plaintiff's right or title. We thus do not see anything to plaintiff's objection to the attorney for the subsequent assignee appearing for and representing the defendant in the cause prosecuted by the plaintiff.

Thirteen assignments are directed to the admission of testimony of things said and done in plaintiff's presence respecting the assignment of the claims to him, his power to employ an attorney to prosecute the claims and the compensation to be paid his attorney, and plaintiff's release of the claims. Since his rights as to the two claims

upon which he prosecutes his appeal rest on parol, we think the testimony was properly received, either as direct evidence of the fact or as direct or indirect admissions of a fact.

The plaintiff requested this:

"It takes at least two persons to make a contract, and if a contract is once made, it cannot be rescinded or undone at the instance only of the parties thereto, and in this case, if you find that there was an agreement between Broadbent and any or all of the said assignors that one or all of the claims in suit should be assigned to him for collection, and if said Broadbent in the execution of said agency incurred any expense or liability, then and in that case it would require his consent to a rescission of such contract; *in other words, it would require a new contract between the parties to undo the old or first contract.*"

The court gave it, except the italicized portion. Complaint is made because the whole of it was not given. We think no error was committed in this, because the part stricken is but a restatement or conclusion of what precedes it. We thus see no reversible error on either the defendant's or the plaintiff's appeal.

The judgment therefore is affirmed, with costs to the plaintiff on the defendant's appeal, and costs to the defendant on plaintiff's appeal.

FRICK and McCARTY, JJ., concur.