GEO. A. LOWE & CO et al. v. LEARY et al.

No. 2986.     Decided April 19, 1917.     (164 Pac. 1052.)

1. BANKRUPTCY—MATERIALMEN'S LIENS—PRIORITY.  Under Comp. Laws 1907, Section 1400x, authorizing any person furnishing materials to any principal contractor for the construction of any public work, for a school district, etc., to sue the contractor and the school district and recover judgment against the district for the amount due from it to the contractor, or a sufficient amount thereof to pay the judgment against the contractor, the rights of materialmen to a fund due the contractor from a school district are superior to the rights of the contractor's trustee in bankruptcy.[1]  (Page 508.)

2. APPEAL AND ERROR—RELIEF TO PARTIES NOT APPEALING.  Where, in consolidated actions by materialmen against a contractor and a school district, the trial court rendered judgment in favor of the contractor's trustee in bankruptcy for the fund due the contractor from the school district, and part only of the materialmen appealed, those not appealing waived their rights to participate in the fund, and were not entitled to relief on appeal. (Page 509.)

3. SCHOOLS AND SCHOOL DISTRICTS—RIGHTS OF LABORERS AND MATERIALMEN—PRIORITIES.  Under Comp. Laws 1907, Section 1400x, there can be no preferences as between materialmen claiming a fund due a contractor from a school district by reason of priority in commencing action to enforce rights against such fund, as the preferential right to the fund is given by the statute, and the action is merely to enforce the right.[2]  (Page 509.)

[1]*South High School Dist. of Summit County* v. *McMillan P. & S. Co.*, 49 Utah 477, 164 Pac. 1041; *Joseph Nelson Supply Co.* v. *Leary*, 49 Utah 493, 164 Pac. 1047.

[2]*Joseph Nelson Supply Co.* v. *Leary*, 49 Utah 493, 164 Pac. 1047.

Appeal from District Court, Fifth District; *Hon. Joshua Greenwood,* Judge.

Consolidated actions by the Geo. A. Lowe & Co. and others against the Wright-Osborn Co. and others, in which Wm. H. Leary, Trustee, intervened.

From an adverse judgment, certain of the plaintiffs appeal.

REVERSED and remanded with directions.

*Marioneaux, Stott and Beck* for appellant Geo. A. Lowe & Co.

*Dey, Hoppaugh & Fabian* for appellant Improved Pressed Brick Co.

*Howat, Marshall, MacMillan & Nebeker* for appellant Morrison, Merrill & Co.

*J. A. Howell, Skeen & Skeen* for respondent W. H. Leary.

*J. D. Pardee* for respondent High School District.

FRICK, C. J.

This action involves precisely the same questions of law that are involved in the two actions *South High School District of Summit County* v. *McMillan P. & S. Co.,* 49 Utah 477 164 Pac. 1041, and *Joseph Nelson Supply Co.* v. *Leary et al.,* 49 Utah 493, 164 Pac. 1047, just decided. In this case the same Wright-Osborn Company named in those cases, hereinafter called contractor, entered into a contract with the Tintic high school district of Juab County, hereinafter styled school district, to construct a high school building for said school district. The plaintiffs, George A. Lowe & Co., Morrison, Merrill & Co., Illinois Engineering Company, Joseph Nelson Supply Company, and Improved Brick Company, sold and delivered material to said contractor which was used in the construction of said high school building. The contractor failed to pay for said material in the amounts hereinafter stated, and the five plaintiffs commenced actions

against said contractor and said school district under Comp. Laws 1907, Section 1400x. When those actions were commenced the school district had in its hands as part of the contract price which was owing to the contractor on said contract, the sum of $7,000. Pending the plaintiffs' actions, all of which have been consolidated, the contractor was adjudicated a bankrupt, and Wm. H. Leary, as trustee in bankruptcy, intervened in the action and claimed said $7,000 as assets of said bankrupt estate, and which he contends should be administered for the benefit of all the creditors of said estate. It is not necessary to enter upon a detailed statement of facts in this case, since the legal questions involved, with perhaps one or two exceptions hereinafter to be noticed, are the same as those in the preceding cases before referred to.

The District Court found that there was due for material furnished as aforesaid to George A. Lowe & Co. the sum of $977.60; to Morrison, Merrill & Co. the sum of $3,801.74; to the Illinois Engineering Company the sum of $575; to Improved Brick Company the sum of $822.84; and to Joseph Nelson Supply Company the sum of $2,417.21—making a total due to the five plaintiffs of $8,594.39, or $1,594.39 in excess of the amount due the contractor on its contract. The court, after finding the facts, which, barring parties and dates, are practically the same as those stated in the preceding cases, made conclusions of law which, in effect, are like those in *Joseph Nelson Supply Co.* v. *Leary et al., supra,* and entered judgment awarding the whole of said $7,000 to the trustee in bankruptcy to be administered by him under the directions of the bankruptcy court for the benefit of all of the creditors of said bankrupt.

The five plaintiffs aforesaid appeal from the judgment and insist that the conclusions of law and judgment are erroneous for the same reasons urged in the Nelson case.

The conclusions of law and judgment in this case cannot prevail for the reasons stated in the Nelson and in the South High School District cases. In view of the decision in those cases it is not necessary to restate or to add to the reasons there stated why the conclusions of law and judgment entered in this case cannot prevail. Under those

decisions the rights of the plaintiff to the fund remaining in the hands of the school district are superior to the rights of the trustee in bankruptcy.

It is, however, suggested by the trustee in bankruptcy that there were others who preferred claims against the contractor for labor performed and material furnished for said high school building, and who had also brought actions or intervened in actions brought against the contractor and the school district. While it is true that there were other claimants, yet when the District Court rendered a decision adversely to their claims, that is, when the said court decided that the claim of the trustee in bankruptcy was superior to their claims, then, instead of appealing to this court as the plaintiffs have done, those claimants acquiesced in the decision of the District Court. All of those claimants thus have adopted the decision of the District Court as the law of the case, and hence have waived their rights to participate in the fund left in the hands of the school district. We can only help those who have attempted to help themselves. Nor is the trustee in bankruptcy in a position to help those claimants out of the dilemma in which they have placed themselves by acquiescing in the decision of the District Court. So far as they are concerned, therefore, that court's decision is the law of this case.

It is also contended that, inasmuch as one or two of the actions were commenced more than four months prior to the time that the contractor was adjudicated a bankrupt, for that reason the rights of the claimants in those actions are paramount to the rights of those claimants whose actions were commenced within the four months period of that adjudication. As pointed out in the Nelson case, however, it is not the action that gives the preferential right to the fund, but that right exists by virtue of the statute, and all that the action is for is to enforce the right. There can be no preferences, therefore, as between or among those who base their claims on Section 1400x, for labor performed or material furnished for a public building. The claim of preference can therefore not prevail.

It follows, therefore, that the District Court erred in its

conclusions of law and judgment. The judgment is therefore reversed, and the cause is remanded to the District Court of Juab County, with directions to make conclusions of law and enter judgment in favor of the five plaintiffs and to distribute said $7,000 among those plaintiffs in the proportion that their respective claims bear to said fund of $7,000; plaintiffs to recover costs.

McCARTY and CORFMAN, JJ., concur.