MOUNTAIN STATES SUPPLY CO. v. NUTTALL-ALLEN CO. et al. (NORTON, Intervener).

No. 4047.   Decided April 17, 1924.   Rehearing denied May 6, 1924.
(225 Pac. 811.)

1. APPEAL AND ERROR—RULE STATED AS TO SCOPE OF REVIEW ON APPEAL ON JUDGMENT ROLL. On appeal on judgment roll, if findings are within issues and support judgment, only order Supreme Court can make is to affirm.

2. SCHOOLS AND SCHOOL DISTRICTS—PLAINTIFF'S CLAIM SUBORDI-
   NATED TO THAT OF OTHERS FOR FAILURE TO SHOW THAT MATERIALS
   WENT INTO BUILDING. Where intervener's claims were for work
   and material in repairing school building under contract, with
   bond, as required by Comp. Laws 1917, § 3753, between board of
   education and defendant, there was no error in allowing prefer-
   ential right to moneys owing defendant by board, where plain-
   tiff's complaint did not show that claim for merchandise fur-
   nished defendant was for materials going into building.

3. MECHANICS' LIENS—SCHOOLS AND SCHOOL DISTRICTS—WORKMEN
   OR MATERIALMEN ACQUIRE NO LIEN ON PUBLIC BUILDING, BUT ONLY
   PREFERENTIAL RIGHT TO MONEYS OWING CONTRACTOR. A work-
   man or materialman cannot acquire a lien on public building,
   but in view of Comp. Laws 1917, § 3753, and other sections, he
   has prior or preferential right to moneys in hands of public cor-
   poration to be used in construction.[1]

4. ATTORNEY AND CLIENT—MONEY MERELY GARNISHED HELD NOT
   "COLLECTED," WITHIN MEANING OF CONTRACT FOR FEES. Where
   money garnished was never applied to plaintiff's claim, it was
   never "collected," within meaning of attorney's contract for
   fees providing, "No fees for legal services unless collection is
   made."

5. APPEAL AND ERROR—PRESUMPTION THAT JUDGMENT IS SUPPORTED
   BY EVIDENCE. Without record of evidence, presumption is that
   judgment is supported by evidence and reflects justice between
   parties.

Appeal from District Court, Third District, Salt Lake
County; *Ephraim Hanson*, Judge.

Action by the Mountain States Supply Company against
the Nuttall-Allen Company and others. Judgment for plain-
tiff, and C. E. Norton filed claim for attorney's lien and
intervened. From a judgment against intervener, he appeals.

AFFIRMED.

*C. E. Norton*, of Salt Lake City, in *pro per.*

[1] *South High School* v. *McMillan P. & S. Co.*, 49 Utah, 477, 164
Pac. 1041; *George A. Lowe Co.* v. *Leary*, 49 Utah, 506, 164 Pac. 1052.

*Hutchinson & Hutchinson,* of Salt Lake City, for respondent.

GIDEON, J.

The plaintiff in the district court, respondent here. Mountain States Supply Company, hereinafter called Supply Company, in the month of October, 1921, instituted this action against the defendant Nuttall-Allen Company, a corporation, and certain individuals alleged to be doing business under the assumed name of Nuttall-Allen Company to recover for goods and merchandise alleged to have been sold by the Supply Company to the defendant between January 25, 1918, and October 26, 1921. The complaint, after stating the amount of the merchandise so sold, alleged that there was unpaid the sum of $16,509.22. At the time of the institution of the action and at subsequent dates the plaintiff caused writs of garnishment to be issued and certain real estate and personal property to be levied upon by writs of attachment. The appellant here, C. E. Norton, is an attorney of this court, and was attorney· for plaintiff in the original action.

Writs of garnishment were served upon the board of education of Salt Lake City and the board of education of Box Elder county. The Salt Lake board, as such garnishee, answered the garnishment and admitted certain indebtedness due under a contract with the defendant Nuttall-Allen Company for the repair or construction of certain of its school buildings, reporting, however, in the answer, that prior to the service of the garnishment claims against the money in the hands of such garnishee had been filed by certain parties claiming a prior lien and a superior right to the money then owing by the garnishee to the defendant Nuttall-Allen Company, and asked that such claimants be interpleaded in the action. The board of education of Box Elder county admitted certain indebtedness to the defendant company, to be paid upon the certificate of the architect. Subsequently the claimants of the fund owed by the Salt Lake board did interplead, and orders were made directing payment to the interpleaders,

on the ground that under the statute their right to the fund was prior and superior to the claim of plaintiff.

The appellant here, as attorney, had entered into 'a written contract with the Supply Company respecting his fees before the institution of the action. The provisions of that contract, so far as material here, are as follows:

"Twenty-five per cent. if collected in one suit;  *  *  *  no fees for legal services unless collection is made."

It does not satisfactorily appear what proceedings were had after the pleadings filed by the interveners until the early part of 1922. On April 18, 1922, the firm of Hutchinson & Hutchinson appeared in court as attorneys for the plaintiff Supply Company, and presented a stipulation, dated March 7, 1922, by Hutchinson & Hutchinson as attorneys for the plaintiff and certain other attorneys for the defendants. In the stipulation it was agreed that judgment might be entered against the Nuttall-Allen Company for the amount prayed for in the complaint; that the action against the individuals be dismissed, and certain personal and real property claimed by the individual defendants, which had been levied upon by attachment in the original action, be released. The attorneys presenting this stipulation stated to the court that Mr. Norton, appellant here, was still the attorney of record for plaintiff, but that nevertheless the firm of Hutchinson & Hutchinson now represented plaintiff. It does not appear that at any time the appellant withdrew as attorney for the Supply Company, or that any action was taken by that company to dismiss or suspend him, further than the explanation of Hutchinson & Hutchinson.

On February 9, 1922, an order was entered in the action making the American Surety Company of New York a party defendant and requiring it to make answer showing its interest in the controversy arising in the action. It appears that this surety company had given its bond to the board of education of Salt Lake City under its contract with Nuttall-Allen Company. By the stipulation filed on April 18, 1922, and the orders made at that time, this order of February 9th, requiring the surety company to interplead, was annulled.

On February 18, 1922, the appellant, Norton, filed in the clerk's office notice of attorney's lien.

On May 16, 1922, the appellant, Norton, filed in the action what is designated a complaint in intervention. In this complaint is set forth the fact that the appellant is an attorney at law and was, and had been from the inception of the original action, attorney of record for plaintiff in the case; that he entered upon his services under a written agreement, and the written agreement is set out in the complaint in intervention. The complaint in intervention then alleges at some length the proceedings and acts had in the institution of the action, the issuing of the writs of garnishment and writs of attachment, the filing of complaints in intervention, and the order of the court in dismissing the action as against the American Surety Company of New York; also the court's order releasing certain property levied upon by the writs of attachment. Appellant's complaint in intervention then asks that said orders be set aside and that the case be reopened, and that the same be tried for the purpose of determining the compensation appellant as attorney is entitled to under his contract, and that he be awarded judgment against the Supply Company for the amount of 25 per cent. of plaintiff's claim as shown in the complaint, and for other relief.

The plaintiff company filed an answer to that complaint in intervention. By the answer it justified, or attempted to justify, the orders of the court in recognizing the stipulation, in entering judgment in accordance therewith, in directing the payment of the moneys received from the Salt Lake board to the interveners, claiming that fund, and also alleged indebtedness due and owing to plaintiff from appellant. The prayer of the answer is (a) that appellant's complaint in intervention be dismissed; (b) that appellant be required to make an accounting to plaintiff for all moneys received, and for judgment for such amount, if any, found to be due plaintiff.

The appellant filed a lengthy reply to that answer. It is not necessary, for the purposes of this decision, to attempt to state the contents of the reply. The issues as made by the complaint in intervention, the answer and the reply were

tried to the court without a jury.  Findings upon the issues
thus presented were made.  Those findings are lengthy, and
it would subserve no good purpose to attempt to state even
the substance of them here.  The judgment entered was
against appellant, and from that judgment he prosecutes this
appeal.

There is no bill of exceptions before this court.  Appellant
permitted the time within which the trial court had
jurisdiction to settle his bill to pass, and an application
was made to this court for an order settling the bill,
which was refused.  The appeal is therefore on the judgment
roll.  If the findings are within the issues and the findings
support the judgment, the only order this court can make is
to affirm the judgment as entered.

One of the chief complaints of appellant is that the trial
court refused to allow him the percentage of fees for any
part of the money paid into court by the board of education
of Salt Lake City.  Apparently the court was of the opinion
that that fund was not subject to garnishment, and that,
even if it was, the claims of the interveners were superior to
that of the Supply Company under our statute.  Comp. Laws
Utah 1917, § 3753.

The court was right in its conclusion that the interveners
had a prior and superior right to the fund paid to the clerk
of the court by the Salt Lake board of education under the
writ of garnishment served upon it.  The interveners' claims
were founded upon material and labor furnished in the re-
pairing of the school building under the contract between
the board of education and Nuttall-Allen Company.  Sec-
tion 3753, supra, requires the state, or any municipality or
school district, entering into a contract for the construction,
alteration, or addition to any public building, structure, or
other improvement, etc., before the beginning of any work,
to exact and obtain from the contractor a penal bond with
sufficient surety or sureties for the faithful perform-
ance of the contract, and, in addition thereto, that such
contractor or contractors will promptly make payment
to all persons supplying labor and material used in the exe-

cution of the work provided for in such contract. There are other provisions in the section, but they are not material here. The bond of the surety company was to see that the contractor paid for the labor and material that went into the repair or construction of the building.

There is nothing in the allegations of the original complaint to indicate that the merchandise or material upon which that action is founded went into or was any part of the material furnished by the defendant company in the construction or repairing of the public school building under its contract with the Salt Lake board of education. A workman or materialman cannot acquire a lien on a public building for the labor or material furnished in the construction of such a building, but that he has a prior or preferential right to the moneys in the hands of the public corporation to be used in the construction of the building is evidently the intent of the several acts of the Legislature as discussed and considered by this court in two former opinions. *South High School* v. *McMillan Paper & Supply Co.*, 49 Utah, 477, 164 Pac. 1041; *George A. Lowe Co.* v. *Leary*, 49 Utah, 506, 164 Pac. 1052.

The contract under which appellant instituted this proceeding provided "no fee for legal services unless collection is made." That money so garnished was never applied upon respondent's claim, plaintiff in the original action, and did not in any way reduce the amount of respondent's judgment against the defendant Nuttall-Allen Company. In other words, that money was never "collected" so far as the claim of respondent is concerned.

This court, without a record of the evidence heard before the trial court, cannot determine whether the appellant's rights have been protected by the judgment or otherwise. The presumption is that the judgment is supported by the evidence and reflects justice between the parties. We are satisfied that the findings and the judgment are within the issues presented by the complaint in intervention, the answer, and reply, and that the findings support the judgment. From the numerous hearings had, as appears from the judgment roll, we are satisfied that the trial court gave appellant

every opportunity to be heard in defense of his claims as presented in his complaint in intervention, and to show wherein he had been wronged by any order made by the court. After such hearings the findings were made and the judgment entered as indicated. In its judgment the court gave appellant 25 per cent. of all moneys collected for the respondent, and provided in the judgment that appellant is entitled to a lien of 25 per cent. of any and all moneys that might be collected upon the judgment entered against the Nuttall-Allen Company.

We find nothing in the record before us authorizing any order disturbing the judgment of the district court. The judgment appealed from is therefore affirmed, with costs.

THURMAN, FRICK, and CHERRY, JJ., and McCREA, District Judge, concur.

WEBER, C. J., did not participate.

## On Application for Rehearing.

PER CURIAM. Appellant has filed a petition for rehearing in which it is vigorously insisted that the opinion herein overrules former decisions of this court respecting the right of a client to change his counsel and violates the spirit as well as the letter of Comp. Laws Utah 1917, § 328 and section 346. Special reference is made to the opinion in *Sandberg* v. *Victor G. & S. M. Co.*, 18 Utah, 66, 55 Pac. 74, and subsequent cases.

The record in the instant case is so confused and so confusing that it became necessary in the preparation of the opinion to give a somewhat detailed history of the action from its inception so that the reader might be able to get an intelligent understanding of what this court was called upon to determine on the appeal. Counsel has seized upon certain expressions used in the giving of that history and now urges those as error on the assumption that such related facts are controlling of the court's opinion.

The real issues upon which this court was required to pass

were made by the complaint in intervention, the answer thereto by the original plaintiff, and appellant's reply to that answer. The appeal was from the judgment entered by the trial court upon the issues made by those pleadings. What this court determined, and all that it was authorized to determine, was whether the findings made by the trial court were within the issues presented by these particular pleadings and whether such findings supported the judgment. We are satisfied, as stated in the opinion, that the findings are within the issues and support the judgment. There was no bill of exceptions, consequently this court is powerless to determine if any of appellant's rights, either as an attorney or as a party interested in the litigation, have been denied him.

The petition for rehearing is denied.