## JEFFRIES v. THIRD JUDICIAL DIST. COURT OF SALT LAKE COUNTY.

No. 4955.   Decided December 21, 1936.   (63 P. [2d] 242.)

526

*Frazer & Wallis,* of Salt Lake City, for plaintiff.

*L. B. Wight,* of Salt Lake City, and *A. C. Cole,* of Bingham Canyon, for defendant.

THURMAN, District Judge.

This is an original proceeding in this court brought by the plaintiff to review the proceedings of the District Court for Salt Lake County in the case of Tom Donovich, plaintiff, v. Jack Jeffries, defendant, and to annul the judgment entered therein. It is claimed by Jeffries, petitioner herein, that the district court acted without jurisdiction or in excess of its jurisdiction in rendering judgment against him and in favor of Donovich for the use and benefit of Donovich's attorney; the specific grounds of complaint being: (a) That the attorney for whose benefit the judgment was made and entered was not and is not a party to the action; (b) that there are no pleadings upon which said judgment was or can be based; (c) that said judgment was and is in direct conflict with the findings of fact and conclusions of law upon which it purports to be based; and (d) that the relief attempted to be granted by said judgment was not demanded in said action and is without the issues made by the pleadings therein.

From the record of the lower court as certified to this court the following material facts are made to appear: Donovich by his attorney brought an action against Jeffries claiming wages as a miner due and owing in the sum of $250. Jeffries answered, denying generally that he owed that sum or any other sum, and alleging affirmatively that at the commencement of the action he owed Donovich for labor as a miner, that the amount thereof was in dispute, and that since the action was commenced he had paid Donovich the sum of $107.50 in full settlement of his claim and had received the latter's release, with the proviso that Jeffries would pay Donovich's attorney his fee in the case. Donovich replied, admitting the receipt of $107.50 and the execution of the release, but alleging affirmatively that the money was accepted and the release given upon the false representation by Jeffries that Donovich's attorney had prepared it and sent it by Jeffries to Donovich, with word that Donovich should sign it; that Donovich's attorney in fact knew nothing of the matter; that Donovich relied upon Jeffries' representations and would not have accepted the money or given the receipt and release had he known that they were false. He also alleged that he agreed to pay his attorney a fee equal to one-half of his claim against Jeffries. He prayed for judgment in the sum of his original claim, less a credit of $107.50, representing the amount paid by Jeffries in his attempted settlement of the case.

Upon the trial the lower court, sitting without a jury, found, as far as is material here, that at the commencement of the action Jeffries disputed the amount due Donovich; that the parties thereafter, with a view to compromising and settling their differences and disposing of the action, entered into an agreement, without the knowledge of Donovich's attorney, whereby Jeffries agreed to pay Donovich the sum of $107.50 in full settlement of the latter's claim, with the proviso that said payment would be received and a release given subject to the claim of Donovich's attorney for his fee in the case which was to be paid

by Jeffries; that Donovich performed the provisions of said agreement on his part to be performed, but that Jeffries did not, in that he failed and refused to pay said attorney's fee; and that said fee was equal to one-half of Donovich's original claim against Jeffries or the sum of $125. From these findings the court concluded that Donovich was entitled to a judgment against Jeffries in the sum of $125, for the use and benefit of the former's attorney, and entered its judgment accordingly.

We dismiss all considerations which relate to mere irregularities or legal errors in the proceedings of the trial court and limit the review to the question of whether that court exceeded its jurisdiction or was without jurisdiction in making and entering the judgment complained of.

Section 346, Comp. Laws Utah 1917, is applicable to the question involved herein and reads as follows:

"The compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision, or judgment in his client's favor and the proceeds thereof in whatsoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment."

In construing this statute, this court, through a long line of cases, has repeatedly held that an attorney may prosecute his client's cause of action to judgment and in his client's name, solely for the purpose of protecting his lien for the amount of his fee in the case, and that his lien may not be defeated by a settlement effected without his consent. *Sandberg* v. *Victor, etc., Mining Co.*, 18 Utah 66, 55 P. 74; *Victor Gold & Silver Mining Co.* v. *National Bank, etc.*, 18 Utah 87, 55 P. 72, 72 Am. St. Rep. 767; *Croco* v. *Oregon S. L. R. R. Co.*, 18 Utah 311, 54 P. 985, 44 L. R. A. 285; *Potter* v. *Ajax Mining Co.*, 19 Utah 421, 57 P. 270; *Potter* v. *Ajax Mining*

*Co.*, 22 Utah 273, 61 P. 999; *Broadbent* v. *Denver & R. G. Ry. Co.*, 48 Utah 598, 160 P. 1185; *Lundy* v. *Cappuccio*, 54 Utah 420, 181 P. 165; *Mountain States Supply Co.* v. *Nuttall-Allen Co.*, 63 Utah 384, 225 P. 811.

In *Potter* v. *Ajax Mining Co.*, 19 Utah 421, at page 430, 57 P. 270, 272, supra, this court, in considering the same statute, said:

"The language * * * is comprehensive, and creates a direct lien in favor of the attorney upon his client's cause of action, in whatever form it may assume, in the entire course of litigation, and entitles the attorney to follow the proceeds, without regard to any settlement before or after the judgment. It being a statutory lien, every one must take notice of it, and any one settling with the client without the knowledge of the attorney does so at his own risk."

In *Potter* v. *Ajax Mining Co.*, 22 Utah 273, at page 289, 61 P. 999, 1002, supra, this court, again referring to the same statute, said:

"The attorneys had a right, under the statute, to proceed to judgment for the purpose of ascertaining the amount of their compensation under the contract, and, when ascertained, collect the same."

The judgment as made and entered reads as follows:

"It is by the court ordered and adjudged that the plaintiff have and recover from the defendant the sum of $125.00 for the use and benefit of his attorney. * * *"

Petitioner contends that the inclusion of the words "for the use and benefit of his attorney" makes the judgment one for the attorney and not for the plaintiff. To so hold would be to place upon the judgment when read in rts entirety and in connection with the record before us a strained and unwarranted construction. It might, with equal propriety, be said that a judgment in favor of a party to an action is a judgment for those who might in anywise benefit therefrom. We are of the opinion that the judgment means what the words employed fairly import, namely, that the plaintiff have and recover judgment from the defendant. Petitioner has cited as the sole authority for

his position the case of *Rolando* v. *District Court*, 72 Utah 459, 271 P. 225, where an order by the trial court, "that the defendant herein have judgment against the plaintiff herein for the use and benefit of her attorneys," was set aside for the reason that the court was without jurisdiction because the attorneys were not parties to the action. In that case the motion upon which the order was based was made by the defendant's attorneys in their own name and without the defendant's knowledge or consent. In the case at bar the action was prosecuted throughout its entire course by the plaintiff Donovich and in his name. A most cursory examination of the Rolando Case will reveal its inapplicability to the facts of the case at bar and that its holding does not sustain petitioner's position.

Petitioner's specific grounds of complaint (b), (c) and (d) will be considered together. The pleadings, when considered in their entirety, free from excess verbiage and irrelevant matter, simply state an action for wages due and owing, a general denial and allegations of new matter by way of an affirmative defense, and a reply which confesses and avoids the affirmative defense. We find no departure in them, as contended by counsel in his brief, and are of the opinion that they amply support the judgment. Counsel cites several authorities in support of his contention in this respect, which, when examined, are found to support the general propositions that pleadings are necessary to invoke the jurisdiction of a court, that a court can judicially consider only what is presented by the pleadings and that the judgment must be within and supported by the pleadings. With these general rules we find no fault and are of the opinion that the authorities cited sustain them. The question here, however, is whether there is a departure in the pleadings in question. Counsel has cited no authority holding under similar or analogous facts that there is a departure, and we believe that none can be found.

This brings us to the question as to whether the findings and conclusions of the trial court support its judgment.

From the pleadings it is apparent that, at the time of the trial, the only issue before the trial court was whether the agreement of settlement was binding upon the ▮▮▮ parties to it and as to what effect that agreement had upon the rights of the parties. The trial court in this connection found that at the commencement of the action Jeffries owed Donovich for wages, but that the amount thereof was in dispute; that after the action was commenced Jeffries and Donovich entered into an agreement of settlement, which was binding as between them, but was not binding upon Donovich's attorney. As the latter was rightfully entitled to have a judgment entered that would protect his lien upon his client's cause of action, irrespective of what his client and Jeffries did, the trial court properly found, as alleged in the reply, the further fact as to the amount thereof. These we think fully support the judgment entered thereon. If petitioner feels that the findings are not as full as he should have liked them, it is too late now for him to complain. It is sufficient that they are within the issues and support the judgment, and, if such be the case, it is immaterial whether the relief granted was demanded or not. See Bancroft Code Pleading, § 12, and authorities cited.

For the reasons stated, we are of the opinion that the defendant court acted within its jurisdiction, and as required by the statute, and the issues in the case as cast by the pleadings. The order of the District Court of Salt Lake County is affirmed with costs to the defendant.

ELIAS HANSEN, C. J., and FOLLAND and EPHRAIM HANSON, JJ., concur.

WOLFE, Justice.

I concur. The question of what pleadings are sufficient to invoke the jurisdiction of the court was considered at length in *Atwood* v. *Cox, Judge,* 88 Utah 437, 55 P. (2d) 377, as was the matter of error as compared to assumption of jurisdiction. It appears to me that what was said in that case

in that regard fully covers the situation in this case. Where findings do not support the judgment, there is no question of jurisdiction involved if jurisdiction is otherwise present. The opinion graciously determines whether the findings support the judgment. That was not necessary. If they did not support the judgment, it was only error.

MOFFAT, J., being disqualified, did not participate herein.