**UTAH C. V. FEDERAL CREDIT UNION,**
Plaintiff and Appellant,

v.

**Kay D. JENKINS, Defendant.**

**William E. MEEKS and Jorjanna I. Meeks,**
his wife, Intervenors, Third-Party
Plaintiffs and Respondents,

v.

**UTAH C. V. FEDERAL CREDIT UNION**
and Golden W. Robbins, Third-Party
Defendants and Appellants.

No. 13611.

Supreme Court of Utah.

Dec. 6, 1974.

Golden W. Robbins, pro se, William H. Henderson, Salt Lake City, for Robbins.

Earl P. Staten, Salt Lake City, for respondents.

HENRIOD, Justice:

Appeal from a judgment quieting title to realty. Affirmed with costs to respondents.

This case springs from a 1967 default judgment for $884 plus $270 attorney's fees. The former amount is not involved here, but only the $270 attorney's fees.

The only problem of any moment is presented by appellant's first point on ap-

1. See Edwards v. Edwards, 182 Kan. 737, 324 P.2d 150.

peal epitomized by the urgence in appellant's brief that "The attorney is the only one who can give a valid release of the lien." [1]

Six long years later, in 1974, this case bore fruit from a jumbo tree, after 365 pages of complaints, counterclaims, an assortment of supplemental proceedings, innumerable motions, objections, bonds, interventions and other procedurabilia,—a sort of travesty on latter-day pleas, for reduction in energy consumption, and/or protraction and hence justice.

After the default judgment was entered in November 1967, the plaintiff, on December 31, 1969, satisfied the judgment in writing, in the clerk's office, which duly was recorded by the latter that same day. Over five months later, on May 14, 1970, a motion to set aside the satisfaction of judgment, signed by plaintiff's attorney, was filed, accompanied by his affidavit in which the only real basis for the motion was the fact that he, the attorney, had not signed or authorized it. Also on the same day he filed a written claim of lien. Two weeks later, the court vacated such satisfaction of judgment, and although there was a certificate of mailing notice of the motion to the defendant, addressed c/o purchaser claimants of the property, the vacating order obviously was given without any evidence of a hearing, except the examination of papers filed.

Since plaintiff's appeal is based on the quotation above, it is apropos to set out the section of the statute:

78-51-41: Compensation—Lien.—The compensation of an attorney and counsel for his services is governed by agreement, *express or implied,* which is not restrained by law. From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment *in his client's favor* and to the proceeds thereof in whosesoever hands they may come, and cannot be affected by any settlement between the parties before or after judgment.

■ It seems clear to us that the above language has to do with the attorney-client lien relationship in connection with the lawsuit, including the judgment, which in turn includes the proceeds of the judgment, —nothing more,—and does not include any right in the attorney personally to execute against any other parties. That is the prerogative of the client, and the attorney under the above section could, at best, claim some interest in the *proceeds* of the judgment, such as land or chattels, or by contract with his client. The record reveals no tangible proceeds received by plaintiff. Had it so revealed, the attorney could have pursued such proceeds.

The above section is subservient to Rule 58B(a) which reads as follows:

(a) Satisfaction by Owner or Attorney. A judgment may be satisfied, in whole or in part, as to any or all of the judgment debtors, by the owner thereof, or by the attorney of record of the judgment creditor where no assignment of the judgment has been filed and such attorney executes such satisfaction within eight years after the entry of the judgment in the following manner: (1) by written instrument, duly acknowledged by such owner or attorney; or (2) by acknowledgment of such satisfaction signed by the owner or attorney and entered on the docket of the judgment in the county where first docketed, with the date affixed and witnessed by the clerk.

■ In this case the plaintiff was the owner of the judgment, duly acknowledg-

1. Based on Title 78–51–41, Utah Code Annotated 1953; Rule 58B(a), Utah Rules of Civil Procedure. In this case, a lien asserted after a satisfaction of judgment was entered in the judgment docket.

ing and satisfying it in the county where it was first docketed. This act became fait accompli, and could be undone only by a conventional action in equity, claiming fraud, mistake, undue influence, with regular service of process, appropriate specificity as basis for the invocation of equity, and the rest of the trimmings.

We think the authorities cited ·by plaintiff,[2] on careful analysis, deal with entirely different situations not covered by the statutes and are not dispositive here.

There appears to be no interdiction about reinstating the satisfaction of judgment. If it has not been done, we order the lower court to issue an order to that effect.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

2. Jeffries v. Third Jud.Dist.Ct., 90 Utah 525, 63 P.2d 242 (1936); Potter v. Ajax Min. Co., 19 Utah 421, 57 P. 270.